IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Janet C. Stalvey, on behalf of herself and all others similarly situated, | ) ) ) | Civil Action No.: 4:13-cv-714 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| American Bank Holdings, Inc., American Bank, and Netco, Inc., | ) ) ) ) | |
| Defendants. | ) | |

Before this Court are Motions to Dismiss filed by Defendants American Bank Holdings, Inc., and American Bank ("American Bank") (ECF No. 13) and Defendant Netco, Inc. ("Netco") (ECF No. 15) (collectively "Defendants") brought pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court heard oral arguments on these motions on October 22, 2013. Having considered the motions, the arguments of the parties and the record in this case, the Court grants Defendants' Motions in part and as further set forth in this order.

## **FACTUAL AND PROCEDURAL BACKGROUND**

This matter was filed on March 18, 2013, after a previous action brought by Plaintiff Janet C. Stalvey, on behalf of herself and all others similarly situated ("Plaintiff"), was dismissed without prejudice (4:12-cv-00527-ECF No. 49) due to Plaintiff's failure to adequately plead subject matter jurisdiction. In the instant action, Plaintiff alleges this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332 and that this Court also has subject matter jurisdiction based on federal question pursuant to 28 U.S.C. § 1331and 28 U.S.C. § 1332(d), in that Plaintiff's claims seeking class action status arise under the rights and remedies set forth in the Class Action Fairness Act.

Plaintiff brings this proposed class action lawsuit in her individual capacity and on behalf of a purported class[1] alleging that Defendants used unfair, deceptive, misleading practices to sell and close real estate mortgage loans.  Specifically, Plaintiff raises several causes of action alleging: 1) violation of the South Carolina Unfair Trade Practices Act; 2) violation of the South Carolina Consumer Protection Code; 3) negligent Training and/or Supervision; and 4) conspiracy.[2]  (ECF No. 1.)  Plaintiff maintains that she and members of the class are entitled to have their notes and mortgages declared null, void, and unenforceable, and either removed or marked as satisfied as a matter of public record. (ECF No. 1 at 13.)  Plaintiff seeks declaratory, equitable, and/or injunctive relief and damages accordingly.  Plaintiff alleges that Defendants engaged in certain practices common to all members of the class to include: 1) failure to conduct closings under the supervision of, or even in the presence of a licensed South Carolina attorney; 2) failure to ascertain the borrower's preference of counsel to supervise the closing or represent the borrower in violation of the South Carolina Consumer Protection Code; 3) causing documents to be notarized and signed by an attorney who was not present when the borrower signed them; 4) requiring borrowers to pay for legal fees which are prohibited by the South Carolina Consumer Protection Code; 5) failing to give consumers adequate time

---

[1] Plaintiff defines the purported class as follows: "All persons who are residents of South Carolina who obtained a mortgage loan from American Bank secured in whole or in part by a lien on real estate which was closed by Netco, Inc. at any time within the applicable statute of limitations through the date of final judgment, excluding officers, directors, employees and agents of the defendants and was not provided their preference of counsel as required by South Carolina law and/or paid fees prohibited by South Carolina law." (ECF No. 1 at ¶ 9.)

[2] In her previous complaint, Plaintiff asserted a cause of action for negligence per se.  In this case, Plaintiff appears to have dropped the negligence per se cause of action and added a claim for civil conspiracy.  In her opposition papers, Plaintiff conceded her conspiracy claims. (ECF No. 17 at 14; ECF No. 18 at 14.)

to examine loan documents prior to the closings; 6) requiring consumers and borrowers to pay an Attorney Closing and Supervision Fee when no attorney closed or supervised the closing of the loan; and 7) failing to provide borrowers with copies of the closing documents.  American Bank and Netco filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 7, 2013 (ECF No. 13) and May 13, 2013 (ECF No. 15) respectively.

In its motion to dismiss, American Bank asserts that Plaintiff's class action claims are not permitted under South Carolina's Unfair Trade Practices Act and Consumer Protection Code.  (ECF No. 13.)  American Bank also contends that Plaintiff's negligent training and supervision claims fail as a matter of law because Defendants owed Plaintiff no common law duty of care.  American Bank argues that Plaintiff's civil conspiracy claim is materially deficient under South Carolina law because it improperly relies upon the same acts only generally alleged in support of Plaintiff's other claims and also because Plaintiff fails to allege special damages, a necessary element of a conspiracy claim.  Finally, American Bank asks this Court to dismiss Plaintiff's cause of action for injunctive relief for failure to state a claim because Plaintiff has not stated a cause of action that would serve as the basis for the requested class-wide relief.  Plaintiff filed a response in opposition to American Bank's motion to dismiss maintaining that the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.C. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) provides a basis for her to pursue statutory class action claims in this court even though they would otherwise be precluded in state court. (ECF No. 17.)  In sum, Plaintiff argues that Federal Rule of Civil Procedure 23 "trumps" the class action prohibitions contained in the South Carolina Consumer Protection Code and the South Carolina Unfair Trade Practices Act.

American Bank filed a reply in support of the motion to dismiss with the aim of clarifying why *Shady Grove* does not allow Plaintiff to bring a class-action suit based on violations of South Carolina statutes that preclude class actions, and why her other claims fail as a matter of law. (ECF No. 30.)

Netco also filed a motion to dismiss, asserting that all of Plaintiff's class action claims fail as a matter of law and further seeking dismissal of Plaintiff's complaint in its entirety. (ECF No. 15.) Netco argues that the negligent training and supervision claims fail because Netco, which offers loan closing services to banking institutions and not purported borrowers, owed no common law duty of care to Plaintiff. Netco argues that a claim for civil conspiracy also fails as a matter of law because of a lack of allegations to support the claim as well as a failure to plead special damages. Accordingly, Netco argues that Plaintiff's claim for injunctive relief must also fail due to Plaintiff's failure to plead any causes of action that would serve as the basis for the injunctive relief sought. Plaintiff filed a response in opposition to Netco's motion to dismiss which is substantively similar to Plaintiff's response to American Bank's Motion. (ECF No. 18.) Netco filed a reply in support of its motion to dismiss incorporating by reference the arguments set forth by American Bank in support of motion to dismiss. (ECF No. 31.)

## STANDARD OF REVIEW

Defendants have moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the

plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent "they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to specific acts, dates, or policies, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Defendants move to dismiss Plaintiff's class action claims for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") and the South Carolina Consumer Protection Code on the basis that Plaintiff cannot bring these types of claim in a representative capacity based on the respective statutes which prohibit class action relief. The court agrees. Under SCUTPA, "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39–5–20

*may bring an action individually, but not in a representative capacity*, to recover actual damages." S.C.Code Ann. § 39–5–140(a) (emphasis added). In consideration of this statutory provision, the South Carolina Supreme Court has held that "SCUTPA claims may not be maintained in a class action law suit," and that such representative claims were properly dismissed. *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 678 S.E.2d 430, 434 (S.C.2009); see also *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 423 (4th Cir.2003); *Harris v. Sand Canyon Corp.*, 274 F.R.D. 556, 565 (D.S.C.2010). Similarly, South Carolina's Consumer Protection Code also expressly precludes class action lawsuits: "[i]f a creditor violates a provision of this chapter, the debtor has a cause of action, other than in a class action, to recover actual damages and also *a right in an action, other than in a class action*, to recover from the person violating this chapter a penalty in an amount determined by the court of not less than one thousand five hundred dollars and not more than seven thousand five hundred dollars. *No debtor may bring a class action for a violation of this chapter.*" S.C. Code Ann. § 37-10-105(A) (emphasis added). As such, Plaintiff's class action claims brought on behalf a putative class are improper and subject to dismissal.

The Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.C. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) does not yield a different outcome in this case and the court is not persuaded by Plaintiff's contention that Rule 23, pertaining to class actions, trumps the above noted state laws. In *Shady Grove*, a fragmented Court held that a New York procedural law prohibiting class actions in suits seeking penalties or statutory damages did not preclude a federal district court sitting in diversity from entertaining a class action under Rule 23 of the Federal Rule of Civil Procedure because Rule 23 preempted the New York

state law. First, the holding of the Supreme Court is viewed to be the position taken by the Members of the Court who concurred in the judgments on the narrowest grounds. *See Nichols v. U.S.*, 511 U.S. 738, 745 (1994)(*quoting Marks v. U.S.*, 430 U.S. 188, 193 (1977)). A majority of the courts considering the impact of the case have concluded that Justice Stevens' opinion is controlling in view of the "narrowest grounds" principle.[3] *See e.g.*, *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 660 (E.D. Mich. 2011) (referencing multiple cases); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011) (noting that the Tenth Circuit has understood Justice Stevens' concurrence to be the controlling opinion in *Shady Grove*). This court treats Justice Stevens' opinion to be controlling for the purpose of this analysis.

In general, federal courts apply state substantive law when adjudicating state law claims, but apply federal procedural law to the proceedings. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426 (1996) (discussing the *Erie* doctrine, *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938)). The administration of this principle is governed by a statutory framework that considers whether there is a relevant federal rule to address a particular matter. *Shady Grove*, 559 U.S. at 417 (Stevens, J., concurring in part).[4] But even if a federal rule does exist on a particular matter, it does not necessarily mean that

---

[3] In arguments before this Court, Plaintiff's counsel acknowledged that Justice Stevens' opinion is controlling for purposes of the argument and expressly stated that he agrees that the majority of jurisdictions have so held.

[4] Justice Stevens agreed with the opinion of the Court and joined Parts I and II-A of the Court's opinion in expressly noting that the New York law at issue in *Shady Grove* is a procedural rule and not a part of New York's substantive law. *Shady Grove*, 559 at 416. But he also stated that there are in fact "some state procedural rules that federal courts must apply in diversity cases because they function as part of the State's definition of substantive rights and remedies." *Id.* at 416-417.

the federal rule always governs. *Id.* The federal rules, as general rules of practice and procedure in federal courts, "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). As such, "[w]hen a situation is covered by one of the Federal Rules, . . . the court has been instructed to apply the Federal Rule" unless doing so would violate the Rules Enabling Act or the Constitution. *Hanna v. Plummer*, 380 U.S. 460, 471 (1965). "A federal rule, therefore, cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Shady Grove*, 559 U.S. at 423.

The case at bar is different from the state procedural law at issue in *Shady Grove* which lacked a substantive component. Here, the prohibitions against class actions ingrained in the very text of the SCUTPA and Consumer Protection code are substantive portions of South Carolina law and are not trumped by Federal Rule of Civil Procedure 23, even in light of the *Shady Grove* decision. *See also In re MI Windows and Doors, Inc. Products Liability Litig.*, No. 2:11–cv–00167–DCN, 2012 WL 5408563 (D.S.C. Nov. 6, 2012). Accordingly, Plaintiff's representative claims are subject to dismissal. Plaintiff may maintain causes of action under SCUTPA and South Carolina's Consumer Protection Code in her individual capacity but not in a representative capacity.

Next, the court turns to Plaintiff's negligent training and supervision claims. Both American Bank and Netco argue that Plaintiff's claims for negligent training and supervision fail as a matter of law because Defendants owed no common law duty of care to Plaintiff. To recover in a negligence action, "a plaintiff must show: "(1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3)

-8-

defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages." *Doe v. Marion*, 373 S.C. 390, 400, 645 S.E.2d 245,250 (2007). If the laws does not recognize a particular duty owed to the plaintiff, then the defendant is entitled to judgment as a matter of law. *Steinke v. South Carolina Dept. of Labor, Licensing and Regulation,* 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999).

Plaintiff cites two more recent South Carolina cases, *Wachovia Bank v. Coffey*, 389 S.C. 68, 698 S.E.2d 244 (S.C.Ct.App. 2010) and *Matrix Financial Services Corp. v. Frazer*, 394 S.C. 134, 714 S.E.2d 532 (2011) in support of her argument that Defendants American Bank and Netco owed her, the putative class, and members of the public, a duty to handle and close mortgage loans in accordance with South Carolina law and under the supervision of a licensed South Carolina attorney. (ECF No. 17 at 11.) While these cases present very interesting questions about the unauthorized practice of law, the ethical issues that may be involved in real estate closings, and the availability of equitable remedies, they do not present or support any argument concerning a duty either entity would owe to Plaintiff needed to establish her own negligence-based claims. As for any general responsibilities Defendants may have concerning any unauthorized practice of law related to Plaintiff's closing, "[t]he regulation of the practice of law is within the exclusive province of [the South Carolina] Supreme Court." *See Coffey,* 389 S.C. at 74. Further, there is "no private right of action in South Carolina for the unauthorized practice of law." *Franklin v. Chavis*, 371 S.C. 527, 535, 640 S.E.2d 873, 877 (2007). Plaintiff's claims for negligent training and supervision are apparently based on these theories which do not establish a duty owed to Plaintiff.

Outside of the inapplicable theories above, Plaintiff makes no factual or legal

allegations suggesting that special circumstances exist to alter the general rule under South Carolina law: "South Carolina holds the normal relationship between a bank and its customer is one of creditor-debtor and not fiduciary in nature." *Regions Bank v. Schmauch*, 354 S.C. 648, 670, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003). Accordingly, the Court finds that Plaintiff failed to establish that Defendant American Bank owed her a duty of care—an essential element of her negligence based claims. Any claims against Netco are even further removed where Plaintiff does not contend that she had a relationship (contractual or otherwise) with Netco. As such, Plaintiff's negligence-based claims against Defendants fail and are dismissed.

Finally, the court considers Plaintiff's claim for injunctive relief. Plaintiff's remaining claims are her individual causes of action for alleged violations of the SCUTPA and the Consumer Protection Code. The Court noted the relief available under those statutory provisions above and neither provides a basis for the relief requested by Plaintiff in the form of voiding her mortgage. Thus, Plaintiff's request for injunctive relief which is derivative of her other claims, fails as a matter of law and must be dismissed as Plaintiff failed to plead a cognizable cause of action to serve as the basis for the injunctive relief.

## **CONCLUSION**

For the reasons stated above, the Motions to Dismiss filed by Defendants American Bank Holdings, Inc., and American Bank (ECF No. 13) and Defendant Netco, Inc. (ECF No. 15) are GRANTED in part and DENIED in part. Plaintiff has conceded her claims for civil conspiracy, therefore these claims are dismissed. The Court grants Defendants' Motions to Dismiss as to Plaintiff's claims for negligent training and supervision and injunctive relief. Plaintiff's claims under the South Carolina Consumer Protection Code and the South

Carolina Unfair Trade Practices Act are dismissed but only as to claims brought on behalf of purported class members.

    It is SO ORDERED.

                                        <u>/s/ Mary G. Lewis</u>
                                        United States District Judge

Spartanburg, South Carolina
November 13, 2013